IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 03-30038 |
| ANGELA SPARLING, | ) ) ) | |
| Defendant. | ) ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on the Government's Motion to Withdraw Previously filed Rule 35 Motion for Reduction of Sentence (d/e 81) (Motion to Withdraw). The Government seeks to withdraw its Rule 35 Motion for Reduction of Sentence (d/e 74) (Rule 35 Motion). Defendant Angela Sparling has filed a Response to the Government's Motion to Withdraw Previously Filed Rule 35 Motion for Reduction of Sentence (d/e 83), opposing the Government's Motion to Withdraw. The matter is ripe for determination. As set forth below, the Motion to Withdraw is allowed.

Sparling was sentenced by this Court on March 19, 2004. After allowing a motion for downward departure by the Government, the Court

1

sentenced Sparling to 96 months incarceration on each of Counts 1 and 2 to run concurrently, five years supervised release on each of Counts 1 and 2 to run concurrently, and a $200 special assessment.  <u>Minute Entry, March 19, 2004</u>.  On March 15, 2005, the Government filed its Rule 35 Motion.  The Government sought a reduction in Sparling's sentence under Fed. R. Crim. P. 35(b).  The Motion asserted as follows: "The defendant cooperated with the government before her sentencing.  Since that time, the defendant has continued to cooperate and is providing new information relating to a new prosecution undertaken by the government.  Those prosecutions have not been completed."  <u>Rule 35 Motion</u>, ¶ 2.  The Government asked the Court to take its Rule 35 Motion under advisement until the usefulness and benefit of Sparling's new cooperation was known and evaluated by the Government.

On April 28, 2006, the Government filed the instant Motion to Withdraw.  The Motion to Withdraw asserts that the Government filed its Rule 35 Motion as a placeholder based on the representation of additional assistance to be provided.  The Government asserts that, from the time of the Rule 35 Motion forward, Sparling provided no new information which could be construed as substantial assistance or which would qualify her for

2

a reduction under Rule 35(b).  Thus, the Government seeks to withdraw the previously-filed Rule 35 Motion.

> Rule 35(b)(1) provides:
>
> Upon the government's motion made within one year of sentencing, the court may reduce a sentence if:
>
> > (A) the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person; and
> >
> > (B) reducing the sentence accords with the Sentencing Commission's guidelines and policy statements.

Fed. R. Crim. P. 35(b)(1).  In general, the Government has broad discretion in determining whether to file a substantial assistance motion.  See Wade v. United States, 504 U.S. 181, 185-86 (1992).

Sparling opposes the Government's Motion to Withdraw.  Sparling argues that she is entitled to an evidentiary hearing on the Rule 35 Motion and the Motion to Withdraw due to the binding obligations of the Plea Agreement (d/e 39) and the incorporated Cooperation Agreement.  The Court disagrees. The Court recognizes that "[p]lea agreements are contracts and thus subject to contract law." U.S. v. Frazier, 213 F.3d 409 (7th Cir. 2000) (citation omitted).  As a result:

> The government cannot unilaterally determine that the defendant has breached the plea agreement and refuse to uphold its end of the bargain. An evidentiary hearing is required for the court to determine if a substantial breach of the plea agreement has occurred. Because plea agreements are considered contracts, a breach must be proven by a preponderance of the evidence.

Id. (citations omitted).

Under the Plea Agreement in the instant case, the Government agreed that "at the time of sentencing it will fully inform the Court of the nature, extent, and value of any cooperation rendered by the defendant." Plea Agreement, ¶ 19. The Plea Agreement notes that the Government reserved the right, in its sole discretion, to make a U.S.S.G. § 5K1.1 motion at the time of sentencing, if Sparling provided substantial assistance in the investigation or prosecution of other criminal offenses. Id., ¶ 20. Under the Cooperation Agreement, the Government agreed to "fully inform the court in any sentencing hearing of the nature, extent, and value of [defendant's] cooperation." Id., Ex. A, Cooperation Agreement, dated June 23, 2003 (Cooperation Agreement), ¶ 7. The Cooperation Agreement notes that the Government reserved the right, in its sole discretion, to make a U.S.S.G. § 5K1.1 motion at the time of sentencing. Cooperation Agreement, ¶ 8.

In the instant case, Sparling does not assert that the Government

agreed to file a Rule 35 motion. Nor does she contend that the Government's desire to withdraw its Rule 35 Motion is based on unconstitutional motive or is not rationally related to any legitimate Government end. See Wade v. U.S., 504 U.S. at 185-86. At its core, Sparling's claim is merely that she provided substantial assistance. This, however, is insufficient to entitle her to a remedy, discovery or an evidentiary hearing. Id. at 186. Therefore, because the Government has the discretion to determine whether to move for a reduction of Sparling's sentence under Rule 35, the Court finds that the Government has the discretion to withdraw its placeholder Rule 35 Motion. The Motion to Withdraw is allowed.

THEREFORE, the Government's Motion to Withdraw Previously filed Rule 35 Motion for Reduction of Sentence (d/e 81) is ALLOWED. The Rule 35 Motion for Reduction of Sentence (d/e 74) is WITHDRAWN. All pending motions are denied as moot. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:  July 12, 2006.

    FOR THE COURT:

                                                s/ Jeanne E. Scott
                                                JEANNE E. SCOTT
                                     UNITED STATES DISTRICT JUDGE